# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :         Case No. 1:04-cr-126 (13)
                                              Also 1:08-cv-778

                                              District Judge Timothy S. Black
    -vs-                                        Magistrate Judge Michael R. Merz

                                          :

WILLIE WATKINS,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 573). The Motion was filed in the United States Court of Appeals on October 24, 2008. Apparently in recognition of the fact that such motions are to be filed in the first instance in the district court, the Sixth Circuit forwarded the matter to this Court, where the Motion was filed on November 3, 2008.

A year earlier on October 22, 2007, the Court of Appeals affirmed Mr. Watkins' conviction. *United States v. Watkins*, Case No. 06-4125 (unreported, slip opinion at Doc. No. 549). The court noted that Mr. Watkins had filed a Motion to Vacate Sentence in that court at some time prior to the decision.

The sole claim made in the § 2255 Motion is that Judge Watson erred in conforming the sentence in this case to the Sentencing Guideline range of 120-150 months, sentencing the Defendant to the minimum of 120 months because of treating the Guidelines as mandatory, despite *United States v. Booker*, 543 U.S. 220 (2005). However, the Court of Appeals has already decided

this issue contrary to Mr. Watkins' position.  It held:

> The district court appeared to be aware that the guidelines were merely advisory, and it noted its duty to consider the factors set forth in 18 U.S.C. § 3553(a). The district court specifically considered Watkins's background information and personal characteristics, when it considered his family responsibilities and his attempts to start his own businesses. The district court also considered the seriousness of the offense, the need to promote respect for the law, the need for just punishment, and the need to avoid unwarranted sentencing disparities between Watkins's sentence and those of his co-conspirators. The district court considered Watkins's criminal record, the need for deterrence, and the need to protect the public from further crimes committed by Watkins.  Furthermore, the district court granted the government's motion for a substantial assistance departure pursuant to USSG § 5Kl.l. The record indicates that Watkins's total offense level was twenty-six, and that he had a criminal history category of IV. This resulted in an applicable guidelines range of 120-150 months of imprisonment. The district court imposed a sentence of 120 months. Watkins's sentence is reasonable because the district court was aware of the advisory nature of the guidelines and considered the § 3553 factors, and because the sentence fell within the applicable guidelines range. See *Rita v. United States*, _ U.S. _. 127 S.Ct. 2456 (2007).

*United States v. Watkins*, supra, at 2-3.

    Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).  The purpose of the doctrine is twofold:  (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts.  *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), citing Moore's Federal Practice.  Nothing in Mr. Watkins' § 2255 Motion presents anything facts or argument that was not before the Court of Appeals.  It would therefore be inappropriate for this Court to reconsider the issue already decided by the Sixth Circuit.

    It is therefore respectfully recommended that Defendant's § 2255 Motion be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, Mr. Watkins should be denied any requested certificate of appealability and the Court should certify that any appeal

would be objectively frivolous.

July 26, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).